# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IGOR MYASKOVSKY,**
        **Plaintiff,**

  v.                         Case No. 07-C-298

**METAVANTE CORP.,**
        **Defendant.**

## ORDER

Plaintiff filed this case on March 27, 2007. Pursuant to Federal Rule of Civil Procedure 4(m) and Civil L.R. 41.1, plaintiff had 120 days from filing within which to effect service of the complaint upon the defendant. That time period expired on July 25, 2007, yet no proof of service was submitted to the court. In an order of September 19, 2007, I allowed plaintiff an extension of the period for service and warned him that I would dismiss the case if proof of service upon defendant was not filed by October 19, 2007.

On October 18, 2007, plaintiff, in an apparent attempt to comply with my order, filed a blank waiver of service packet and a copy of the complaint. He did not, however, file any proof that defendant was appropriately served with process. As plaintiff put forth an effort demonstrating a desire to continue prosecution of this action, I will give him one more chance to effect proper service on the defendant. If plaintiff fails to properly serve defendant and file the appropriate proof of service with this court in accordance with this order, I will dismiss his case.

Again, because plaintiff proceeds pro se, I remind him that certain rules govern how to effect proper service of the complaint and summons upon a defendant corporation.

Specifically, Federal Rule of Civil Procedure 4(h) provides for service "by delivering a copy of the summons and of the complaint" to an appropriate individual, as described in Rule 4(h)(1)(B), affiliated with the defendant corporation. As an alternative, Rule 4(h)(1)(A) allows service upon a corporation by following state law governing service of process. In Wisconsin, service of process is governed by Wis. stat. § 801.11. I am enclosing for plaintiff's benefit copies of Federal Rule of Civil Procedure 4 and Wis. Stat. § 801.11, which control the matter. If personal service is necessary, plaintiff should file as proof a notarized affidavit from the person effecting service or other proof as allowed by Rule 4 or § 801.11. An affidavit regarding service should include the date, time, and location of personal service, a listing of the documents served (which must include the complaint and summons), and the name of the person who personally took possession of them.[1]

**THEREFORE, IT IS ORDERED** that plaintiff has 21 days from the date of this order (until February 25, 2008) within which to serve defendant and file proof of that service with the clerk of court. Plaintiff is hereby put on notice that if he fails to comply with this order this case will be dismissed.

Dated at Milwaukee, Wisconsin, this 2 day of February, 2008.

/s_____
LYNN ADELMAN
District Judge

---

[1] If plaintiff is unsure about how to properly serve defendant, I encourage him to visit a law library for assistance.